IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GARY A. NEWLAND**, on behalf of plaintiff and the class members described herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14 C 280 |
| **23ANDME, INC.**, and **DOES 1-10**, | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

This case is one of a substantial number of putative opt-in or class actions on this Court's calendar in which knowledgeable plaintiffs' counsel have taken their cue from the teaching of Damasco v. Clearwire Corp., 662 F. 3d 891, 896 (7th Cir. 2011) by coupling their respective complaints with threshold motions (in this case, its Dkt. #7) for class or group certification, unaccompanied by any intention of presenting those motions for decision until the cases are much farther along.  As Damasco, id. says:

> Dependency of that motion protects a putative class from attempt to buy all the named plaintiffs.

Although such motions are obviously well-credentialed in their origin, they are just as obviously premature and totally out of sync with the normal type of motion that is tendered to a court for its current action.  In such situations a more realistic procedure that has been followed by informed counsel for both plaintiffs and defendants in other cases has much more to commend it:  the parties' entry into a stipulation that the defendant will undertake no effort to "pick off" the named plaintiff or plaintiffs, whether by a Fed. R. Civ. P. 68 offer or otherwise, in exchange for which the plaintiffs' counsel simply withdraws without prejudice the purely token

motion for certification. As and when the case later reaches the point at which the certification motion can then be renewed in truly meaningful terms -- when it is really ripe for judicial consideration -- the plaintiffs' counsel can renew the then realistic and meaningful motion.

That alternative has a good deal to commend it. It avoids the anomalous situation in which a party files a motion -- normally a request for judicial action -- but asks that it be put aside for a stay of indefinite duration. Moreover, for the judicial officer who seeks to maintain an orderly course of case management, it removes clutter from the judge's regularly ordered printouts of pending motions on his or her calendar and eliminates the need to maintain a "not-to-do" list separate and apart from a "to-do" list.

This Court strongly recommends that more sensible course of action to both sides' counsel in this case. Accordingly counsel are ordered on or before March 20, 2014 to file such a joint stipulation[1] or a statement explaining why such a stipulation is not an acceptable alternative to the present purely formalistic motion.

Milton I. Shadur
Senior United States District Judge

Date: February 21, 2014

---

[1] If counsel have difficulty with the format or content of such a stipulation, a proposed draft may be tendered to this Court for its consideration.